IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBEN GONZALEZ, JR.,
and wife SYLVIA GONZALEZ,

    Plaintiffs,
 vs.               CIVIL NO.  05-531 LFG/RLP

BRIDGE MACHINE COMPANY,
INC., and TYSON FOODS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING WITHOUT PREJUDICE
## TYSON FOODS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Tyson Foods, Inc.'s Motion for Summary Judgment [Doc. 24]. Plaintiffs Ruben Gonzalez, Jr. and Sylvia Gonzalez failed to file a response in opposition to the motion. The time for filing a response elapsed.

The district's local, D.N.M.LR-Civ. 7.1(b), provides that the failure to file a response in opposition to a motion "constitutes consent to grant the motion."  Thus, pursuant to this local rule, Plaintiffs do not oppose Tyson Foods, Inc.'s ("Tyson") motion. However, in Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002), the Tenth Circuit reversed a district court's order granting summary judgment to a defendant that was based solely on the plaintiff's failure to respond in opposition to an employer's motion. In so ruling, the Tenth Circuit examined a district court's local rule of procedure that is substantially similar to New Mexico's rule. The circuit noted that granting a motion for summary judgment on the basis that a party failed to respond is akin to a sanction. Id., 1194-95.

A dismissal with prejudice of a party's cause of action is the most severe sanction and can only occur when the court has conducted the full Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992), analysis.  Thus, even though Plaintiffs failed to respond to Tyson's motion, the Court may not grant the motion on that basis alone.  Moreover, Tyson's motion is deficient.

A summary judgment proceeding allows the court to penetrate the allegations of the pleadings to determine whether, despite contentions of the formal documents, there actually exists a genuine dispute between the parties.  A motion for summary judgment must be accompanied by affidavits and/or deposition testimony, answers to interrogatories or other evidentiary materials.  This is necessary to distinguish a motion brought under Fed. R. Civ. P. 56 from that brought under Rule 12(b)(6)--a motion for failure to state a claim.

In this case, Tyson failed to submit any affidavits or other evidentiary support as part of its motion, but merely relies on the pleadings.  The basis for Tyson's motion is that the exclusivity provisions of the New Mexico Workers Compensation Act bar Tyson's claim.  NMSA 1978, § 52-1-8.  That statute provides:

> Any employer who has complied with the provisions of the Workers Compensation Act relating to insurance or any of the employees of the employer, including management and supervisory employees, shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as provided in the Workers Compensation Act, and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of or personal injury to, any such employee in accruing to any all persons whomsoever, are hereby abolished except as provided in the Workers Compensation Act.

NMSA § 52-1-8(C).

However, there is no affidavit or evidence before the Court submitted with the motion demonstrating that Tyson complied with the provisions of the Workers Compensation Act, or that

2

Tyson is, indeed, paying workers compensation benefits to Mr. Gonzalez.  Argument or counsel's contention is insufficient to establish those matters as facts.  Rule 56.

So, too, Tyson argues that <u>Delgado v. Phelps Dodge Chino, Inc.</u>, 131 N.M. 272, 34 P.3d 1148 (2001), changed the law relating to the intentional injury exception to exclusivity provisions under the Workers Compensation Act.  In <u>Delgado</u>, the Supreme Court articulated a three-part test for determining when tort claims against an employer will not be barred by the exclusive remedy provision.

> [W]e hold that willfulness renders a worker's injury non-accidental and therefore outside the scope of the Act, when:  (1) the worker or employer engages in an intentional act or omission, without just cause or excuse, that is reasonably expected to result in the injury suffered by the worker; (2) the worker or employer expects the intentional act or omission to result in the injury, or has utterly disregarded the consequences; and (3) the intentional act or omission proximately causes the injury.

131 N.M. at 280, 34 P.3d at 1156.

While Tyson accurately set out the requirements under <u>Delgado</u>, there is no affidavit or other admissible evidence demonstrating that the facts in this case do not come within the <u>Delgado</u> exception to the exclusivity provisions of the Act.

Finally, Tyson also argues that Plaintiffs' spoilation of evidence claim should fail, and has accurately discussed New Mexico's law on the tort of spoilation of evidence.  However, Tyson did not submit any affidavit, deposition testimony or other admissible evidence demonstrating that the elements of a spoilation of evidence tort are not present.

Simply stated, Tyson's motion fails to meet the prerequisites under Rule 56 because the motion is not accompanied by admissible evidence, and, accordingly, will be denied without prejudice.

Tyson, however, may file an amended motion for summary judgment within twenty days.[1] The amended motion should be accompanied by affidavits and/or other admissible evidence supporting its claim for summary judgment.

In the interim, Tyson's motion for summary judgment is DENIED without prejudice.

                                                  *Lorenzo F. Garcia*
                                                  Lorenzo F. Garcia
                                                  Chief United States Magistrate Judge

---

[1] The motion filing deadline was February 16, 2006. By this order, the Court is extending that deadline until March 30, 2006.